# Dwight *v.* Singer, Appellant.

*Promissory notes—Collateral—Sale of collateral—Inadequate price—Fraud —Affidavit of defense.*

In an action upon a promissory note where the statement of claim shows that certain shares of stock pledged as collateral for the payment of the note had been sold for $10.00, an affidavit of defense is sufficient to prevent judgment which avers in effect that the plaintiff, with the knowledge that the stock was worth its face, and could have been sold for that in the market, caused it to be sold for a grossly inadequate price.

Argued Oct. 12, 1904.   Appeal, No. 263, Oct. T., 1903, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1903, No. 498, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Stanley Dwight v. William E. Singer.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Assumpsit on promissory note.

From the record it appeared that there was pledged with the note as collateral security 362 shares of the stock of the American Electric Cold Supply Company of Maine, and that this stock had been sold for $10.00.   The defendant filed an affidavit and a supplemental affidavit of defense.   In the latter was the following averment:

The said 362 shares of the stock of the corporation known as the American Electric Cold Supply Company of Maine and as the American Refrigerating Company was worth at the time of the execution and delivery of the note now in suit much more than the face of the said note, and that the stock was always of sufficient market value to produce a sum of at least $362 if the said stock was sold at a bona fide sale, and the said plaintiff, Stanley Dwight, had knowledge of the value of the said stock, and that it could be sold at a bona fide sale for a much larger sum than $10.00, and he also had knowledge of person or persons who stood ready and willing during the period elapsing between the giving of the note in suit and March, 1901, to purchase said stock at the market price, which was never less than $362 during that period, and that if the said Stanley Dwight as he alleges sold the stock either at public sale or pri-

vate sale for the price or sum of $10.00 then this defendant says that the said sale was not a bona fide sale, but for a price so grossly inadequate that there can be no reasonable doubt that the alleged sale, if made at all, was made for the purpose of defrauding the said defendant of the real value of said stock.

The said defendant was never notified of said alleged sale and has no knowledge thereof sufficient to form a belief and, therefore, requires the said plaintiff to prove said alleged sale and all the particulars thereof, and that the said alleged sale was made bona fide and at the market price.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

Trevor T. Matthews, for appellant.—When collateral security of any kind is placed in the hands of a creditor to secure the payment of a debt, the creditor becomes a bailee and trustee for sale for the benefit of the debtor and must use good faith in the sale of the collateral. See Jones on Pledges and Collateral Securities (2d ed.), sec. 393; Easton v. German-American Bank, 127 U. S. 532 (8 Sup. Ct. Repr. 1297); Pauly v. State Loan & Trust Co., 165 U. S. 606 (17 Sup. Ct. Repr. 465); Sitgreaves v. Bank, 49 Pa. 359; Diller v. Brubaker, 52 Pa. 498; Girard Fire & Marine Ins. Co. v. Marr, 46 Pa. 504; Rush v. First Nat. Bank, 71 Fed. Repr. 102; Jeanes's App., 116 Pa. 573.

Henry N. Wessel, for appellee.—The allegation in the affidavit of defense that the collateral was sacrificed at the public sale is indefinite, vague and unsatisfactory: Price v. Glass, 2 W. N. C. 472; Smith v. Bunting, 86 Pa. 116; Campbell v. Penna. Life Ins. Co., 2 Wharton, 53; The Stirling Co. v. Chamberlain Coal Co., 2 Lack. L. N. 134; Jeanes's App., 116 Pa. 573; Bank v. Peabody, 20 Pa. 454.

The plaintiff, in the exercise of his option to sell the securities pledged, sold them at public sale. This sale was bona fide in every way, and the defendant in impunging its good faith, must either take one of two positions. He must assume that the sale of the collateral was fraudulent and void, and, therefore,

in the eyes of the law, there was no sale, and the plaintiff still has the collateral, in which event he would have been entitled to judgment exactly as if the collateral had never been realized upon: Lord v. Ocean Bank, 20 Pa. 384; Publishing Co. v. Hartranft, 3 Pa. Superior Ct. 59–62; or if he treats the sale as a valid one, then he was only entitled to the credit allowed him in the statement.

OPINION BY HENDERSON, J., January 17, 1905:

On December 31, 1897, the defendant gave to the plaintiff his promissory note for $422.67, payable in ninety days from date; and at the same time transferred to him as collateral security 362 shares of stock. The statement of claim shows that this stock was "sold at public auction and realized the sum of ten dollars." One of the defenses set up in the affidavit of defense is, that at the time of the execution and delivery of the note, the collateral security was worth much more than the face of the note; that the stock was always of sufficient market value to produce the sum of $362, if sold at a bona fide sale; that the plaintiff had knowledge of the value of the stock, and that it could be sold at a bona fide sale for a much larger sum than $10.00; that if the plaintiff sold the stock either at public or private sale for that sum, the sale was not bona fide but for a grossly inadequate price; and that in the opinion of deponent the sale if made as alleged, was made for the purpose of defrauding him of the real value of the stock.

The contract of hypothecation authorizes the sale of the stock either at public or private sale without advertisement or notice, with the right on the part of the pledgee to become the purchaser. It does not, however, release the pledgee from the obligation cast upon him to exercise good faith in the disposal of the collateral. He occupies a fiduciary relation, and is in a sense a trustee for the pledgor, and is bound to deal fairly with him: 2 Cook on Corp. sec. 479; Pauly v. State Loan & Trust Company, 165 U. S. 606 (17 Sup. Ct. Repr. 465).

The defense is not that the plaintiff sold without notice, or that he became the purchaser himself, or that he was negligent in omitting to sell the stock at a proper time, by reason of which it became valueless; but that the plaintiff, with the knowledge that the stock was worth its face, and could have

been sold for that in the market, caused it to be sold for a grossly inadequate price.   This is a direct attack upon the good faith of the pledgee, and inasmuch as he has disposed of the collateral, the defendant is entitled to set up the breach of duty alleged in the affidavit of defense against the plaintiff's action. It is said by way of argument in behalf of plaintiff, that if the sale of the stock was fraudulent, the defendant's title did not pass, and that he still has his right of action for its recovery. But the defendant is not bound to resort to this remedy.' The plaintiff has seen fit to exercise the power given him in the collateral pledge, and if he acted in fraud of the defendant's rights, he is accountable for the market value of the stock. The contract of pledge did not authorize the plaintiff to sell the stock to himself or any other person at private or public sale for any price which the plaintiff saw fit to name.   It was his duty to obtain the market price for the stock, or, if he sold the stock to himself, to credit the defendant with the value thereof.   As the plaintiff has given no information in his statement of the time and place when and where, and the person to whom the stock was sold, we are of the opinion that the averments of the affidavit are sufficient to put the plaintiff on proof and that judgment was erroneously entered on the rule.   We need not consider the question whether the averments of payment are sufficient, in view of our conclusion on the other defense.   The judgment is, therefore, reversed and a procedendo awarded.