## Dwight *v.* Singer, Appellant.

*Promissory notes—Sale of collateral—Fraud.*

Where the holder of a promissory note sells the collateral at public sale after notice to the maker, and at the sale buys in the collateral under authority given by the note, and subsequently sues the maker for the balance after deducting the price bid for the collateral, he is entitled to binding instructions in his favor, where there is no evidence whatever of any fraud committed by him in the transaction.

Argued Oct. 15, 1906.    Appeal, No. 115, Oct. T., 1906, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1903, No. 498, on verdict for plaintiff in case of Stanley Dwight v. William F. Singer.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note.    Before BEITLER, J.

The opinion of the Superior Court states the case.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $595.53.    Defendant appealed.

*Error assigned* among others was in giving binding instructions for plaintiff.

*Trevor T. Matthews*, for appellant.

*Henry N. Wessel*, with him *Alfred Aarons*, for appellee.

OPINION BY BEAVER, J., February 25, 1907 :

The sufficiency of the affidavit of defense in this case when it was before us: Dwight v. Singer, 27 Pa. Superior Ct. 119, was upheld on the ground that the affidavit distinctly alleged that the sale of the stock held as collateral for the note upon which the suit is founded was not bona fide, and was made for the purpose of defrauding the defendant of the real value of the stock so held.

On the trial of the case, the defendant failed utterly to make good his allegations in this behalf. The plaintiff, a year after the maturity of the note, for which he held the stock in question as security, gave notice in writing to the defendant, the receipt of which is not denied (the notice having been produced at the trial by the defendant), that the security held as collateral for the payment of the note would be sold at public auction by an auctioneer at a time and place distinctly set forth in the notice. At that sale, held according to the notice, the plaintiff became the purchaser, as was his right, under the terms of the collateral note. It was not shown that the plaintiff had any knowledge of the value of the stock, nor of the sales which the defendant alleged had been made privately, at or about the time of the public sale. The charge of fraud, therefore, failed entirely.

The evidence of the price at which the said stock sold by the defendant or others who were members of "the close corporation," at or about the time of the public sale, as contained in the defendant's offer, was irrelevant and immaterial, and was properly excluded by the court.

The case was fairly brought out in the testimony, and the court very properly said at its close : "There is no defense in this case."

The evidence discloses none, and we think judgment was very properly rendered for the plaintiff, for the balance of the note, after deducting the net proceeds of the sale of the stock held as collateral security therefor.

Judgment affirmed.