## Brukas *v.* Union National Bank and Trust Company of Shenandoah.

Argued April 14, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Samuel Kagle*, with him *W. J. Krencewicz*, for appellant.

*M. V. McGuire*, for appellee.

OPINION BY MR. JUSTICE DREW, May 11, 1942:

This appeal is from the order of the learned court below overruling plaintiff's motion to take off a compulsory nonsuit entered in a trespass action to recover damages for an alleged conversion of collateral pledged for a bank loan.

Plaintiff alleged that in 1929 he had pledged the stocks in question to the Citizens' National Bank of Shenandoah as security for a loan of $13,000, that in

1934 his account was transferred to defendant, and that on March 27, 1938, he executed a 30-day renewal note for $7,700, the amount of the debt as it then stood. By the terms of the note defendant was authorized on non-payment of the obligation at maturity to sell the securities at public or private sale without notice to plaintiff. On October 12, 1938, defendant sent notice of its intention to sell according to the terms of the note unless it were paid off immediately, and shortly thereafter plaintiff with his attorney called at the bank and discussed renewal and payment, but made no tender of the amount due. Four days later, on October 18, defendant sold all the collateral at private sale, to Edward Brukas, plaintiff's step-son, for $7,948.30, the exact amount of the debt plus the interest due on it. The collateral consisted of fifty shares of the stock of the Shenandoah Building and Loan Association, having a total face value of $10,000, and a miscellaneous group of common stocks of various companies, which were alleged to be worth $10,000.

Plaintiff sought to charge defendant with a conversion of the stocks by a sale of them at a price below their fair value, under the rule that ". . . where the property is readily salable on the open market, at a definite market value, the mere failure of the pledgee at a private sale to sell at such value may of itself amount not only to a failure of ordinary and reasonable skill and diligence, but also, where the facts are plain, amount to such lack of good faith as to constitute fraud and conversion": 49 C. J. 1006, citing *Southern Exchange Bank v. Langston,* 33 Ga. App. 477. See also *Dwight v. Singer,* 27 Pa. Superior Ct. 119. To bring his case within this principle, plaintiff was required to prove that the collateral had a ready market and that its value, at the time of the liquidating sale, was in excess of the amount realized by defendant. He offered in evidence a list of the pledged securities, in the handwriting of defendant's cashier, showing a value of $10,000 for the Building and Loan stock and amounts totalling $5,444 for the others. This offer was properly excluded, because it contained no

indication of the date to which the quotations applied and because it did not purport to set forth more than the cashier's opinion of the values specified. As such it was irrelevant and hearsay, and was therefore inadmissible: *Floyd v. Hotchkiss,* 5 Pa. Superior Ct. 216, 222. Plaintiff next presented the testimony of the Secretary of the Building and Loan Association, who admited that the stock had matured in August, 1938, and that only ten per cent of its face value was permitted to be paid by an order of segregation of the Department of Banking under §808 of the Building and Loan Code of May 5, 1933, P. L. 457, as amended. Other testimony indicated the Association was so much involved that its solvency was questionable. It is clear from this evidence, and indeed it was admitted by plaintiff's counsel at the trial, that the Association's stock was not readily salable at any value. ". . . where the pledged property consists merely of stock in a private corporation, not readily salable on the open market, and without a real and definite market value fixed by public demand and actual sales, but having only a theoretical market value, based on estimates of the book value of the stock and on two or three scattered and isolated sales made by stockholders before and after the day of sale by the pledgee, the mere failure of the pledgee to obtain for it such theoretical and opinionative market value will not of itself establish fraud and conversion": *Southern Exchange Bank v. Langston,* supra, at p. 479.

No other evidence of the value of the pledged securities having been presented or offered, we accordingly agree with the learned court below that plaintiff failed to prove any conversion. It is therefore unnecessary to discuss the other grounds upon which the nonsuit is based.

Order affirmed.